**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 27, 2005

Decided December 16, 2005

Before

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3994

UNITED STATES OF AMERICA,

   *Plaintiff-Appellee,*

  v.

BRETT STALLINGS,

   *Defendant-Appellant.*

Appeal from the United States District
Court for the Southern District
of Illinois

No. 01 CR 30158
William D. Stiehl,
*Judge.*

ORDER

  Brett Stallings was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to 188 months of imprisonment. Stallings raises two arguments on appeal: (1) there was inadequate evidence to support the jury's finding that he constructively possessed a firearm, and (2) he was denied his Sixth Amendment right to effective assistance of counsel at trial.  We reject both arguments and affirm.

# I. BACKGROUND

In June 2001, a group of state, county, and local police officers were conducting routine enforcement duties near a housing project in East St. Louis, Illinois. The officers were driving unmarked cars, but were wearing military-style clothing with the word "Police" sewn on their uniforms.

At approximately 8:45 p.m., the officers pulled into the parking lot of a tavern where a group of people were standing. As the police approached, the crowd dispersed. Stallings and a woman, Katrina Hawkins, however, remained in the parking lot. Hawkins put her hands up immediately when an officer yelled "police," but Stallings did not. Instead, Stallings walked to a parked pickup truck, bent down, and appeared to throw an object under the truck. "Almost instantaneously," according to the government's evidence, multiple officers heard a metallic thud and saw a gun spinning under the front tire of the truck. One of the officers then yelled "gun," and Stallings stepped back and raised his hands. Police retrieved a loaded Astra .357 revolver from under the truck.

# II. ANALYSIS

A.      There was Sufficient Evidence to Support the Jury's Guilty Verdict.

On appeal, Stallings argues that there was insufficient evidence to convict him of being a felon in possession of a gun. Because Stallings challenges the jury's verdict of guilt, we view the facts in the light most favorable to the government. *See United States v. Fassnacht,* 332 F.3d 440 (7th Cir. 2003). To prevail on his claim, Stallings must bear the "heavy burden" of showing that a rational jury could not have found the existence of each element of the crime beyond a reasonable doubt. *United States v. Kitchen,* 57 F.3d 516, 520 (7th Cir. 1995).

At trial, the government had the burden of proving that: (1) Stallings had a previous felony conviction; (2) Stallings possessed a firearm; and (3) the firearm had traveled in or affected interstate commerce. *See* 18 U.S.C. § 922(g)(1). Because Stallings conceded the first and third statutory elements prior to trial, the only issue for the jury to decide was whether he possessed a gun. Possession for § 922(g) purposes can be either actual or constructive. *Kitchen,* 57 F.3d at 520. Actual possession exists when a tangible object is in the immediate possession or control of the party. Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object. Actual and constructive possession may be proved by either direct or circumstantial evidence. *United States v. Gilbert,* 391 F.3d 882 (7th Cir. 2004).

The government presented circumstantial evidence that Stallings either actually or constructively possessed the gun found under the truck. Multiple police

officers testified that Stallings did not immediately comply with instructions to show his hands. Instead, he walked toward the front of the pickup truck, bent down, and made an "underhand throwing motion." The officers then heard a metal clinking sound and saw the gun spinning under the pickup truck. Rather than refuting this circumstantial evidence, Stallings points out that: (1) no officer actually saw him with the gun; (2) there was no evidence that he owned the gun or the pickup truck; and (3) there were several other people who fled the scene that could have possessed the gun.

Stallings's arguments, however, are not persuasive. To sustain a § 922(g) conviction, the government was not required to produce an eyewitness who saw Stallings holding the gun. *See Kitchen,* 57 F.3d at 521 ("Few would suggest that 'possession' of an object should be confined to instances of physical holding."). Stallings's argument that he did not own the gun is also without merit because ownership is not an element of conviction under 18 U.S.C. § 922(g)(1). The statute is a *possession* statute, not an *ownership* statute. Stallings's last argument, that someone else could have thrown the gun before fleeing the scene, was a factual determination that was rejected by the jury. We will not disturb the jury's verdict in this case because there is sufficient circumstantial evidence that Stallings had control over the gun when he threw it under the pickup truck.

B.     Stallings Has Failed to Demonstrate That He Was Denied Effective Assistance of Counsel.

Stallings's second argument is that he was denied his Sixth Amendment right to effective assistance of counsel at trial. Stallings first raised this issue in a post-trial motion that was rejected by the district court. Although our review of his constitutional claim is *de novo*, we note that, because Stallings presents his claim to us on direct appeal, he is limited to the trial record. *See United States v. Taglia,* 922 F.2d 413, 417 (7th Cir. 1991). Had Stallings raised his Sixth Amendment claim in a habeas corpus petition under 28 U.S.C. § 2255, he would have been able to supplement the record with evidence that his trial counsel's errors were not tactical moves. Of course, Stallings may not have his cake and eat it too. Once we have rejected his Sixth Amendment claim on direct appeal, the law of the case doctrine bars him from reraising it in a habeas challenge. *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995). We pointed out this no-win situation to Stallings's counsel at oral argument, cautioning that this court has never reversed a conviction on direct appeal due to ineffective assistance of trial counsel. Counsel assured us that Stallings was aware of the uphill battle he faced and willing to "take the risk" of proceeding with this appeal.

To demonstrate that he was denied effective assistance of counsel, Stallings

must show that his attorney's performance was deficient, and the deficiency prejudiced the outcome of his trial. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "Every indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight." *Taglia*, 922 F.2d at 417-18.

Stallings's best argument is that his trial counsel was ineffective when he failed to object when United States Marshals brought Stallings into the courtroom wearing handcuffs.[1] A criminal defendant "has the right to appear before the jury free from shackles or other physical restraints." *Harrell v. Israel*, 672 F.2d 632, 635 (7th Cir. 1982). We have previously found trial counsel's performance deficient when counsel failed to object to a defendant's visible shackling. *See Roche v. Davis,* 291 F.3d 473, 483 (7th Cir. 2002).[2] But in this case, we cannot conclude that counsel was deficient because the circumstances surrounding the alleged handcuffing incident are unclear from the record. There are many questions that the record does not answer: Were the handcuffs conspicuous or at least noticeable, such that we can infer that the jury was aware of the restraints? Did Stallings really alert his lawyer to the jury seeing him in handcuffs? Did the district court reasonably believe that Stallings posed a security threat? Without a more fully developed record, we cannot conclude that Stallings was denied effective assistance of counsel and we reject this claim.

III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] Stallings also argues that counsel was ineffective when he failed to rebut or object to aspects of the government evidence. These alleged shortcomings are the sort of strategic lawyering that we have routinely held to be outside the scope of a Sixth Amendment ineffective assistance of counsel challenge. *See, e.g., Conner v. McBride,* 375 F.3d 643, 661 (7th Cir. 2004) (finding that a defendant's counsel was not ineffective for failing to object to certain evidence and arguments offered by the government).

[2] Importantly, we note that *Roche v. Davis,* 291 F.3d 473 (7th Cir. 2002), was before this Court on a § 2255 habeas petition and not direct appeal.