**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

July 21, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2186

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

MARIO L. GORDON,
    *Defendant-Appellant.*

Appeal from the United States
District Court for the
Southern District of Illinois

No. 02 CR 40004

William D. Stiehl,
*Judge.*

**O R D E R**

    Mario Gordon was found guilty of possession with the intent to distribute five grams or more of crack cocaine and was sentenced to a total of 360 months' imprisonment.  He filed an opening brief on appeal arguing that his sentence should be vacated and remanded for resentencing in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004).  Following the decision in *United States v. Booker*, 543 U.S. 220 (2005), we ordered a limited remand under the terms set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for a determination whether the district court would have imposed the same sentence had it understood that the guidelines were advisory.  The district court concluded that it would have imposed the same sentence under an advisory guidelines system.  We invited the parties to file arguments concerning the reasonableness of the sentence, and counsel for the appellant has responded.  The government did not file

an argument but filed a motion asking the court to strike the appellant's response.

In his response, Mr. Gordon asks this court to issue a full remand for the district court to consider whether he should have been sentenced as a career offender. Mr. Gordon attempted to introduce evidence during the limited remand that had not been presented at the time of sentencing regarding the two state court convictions for armed robbery used to qualify him for career offender status. Although he argued at the original sentencing that the two robberies should be counted as only one offense, Mr. Gordon's attorney did not submit any evidence in support. The district court rejected the argument and concluded that Mr. Gordon was a career offender based on the two convictions. During the limited remand proceedings, Mr. Gordon's new counsel attempted to introduce the docket sheet from one of the state court armed robbery cases and two transcripts from the state court proceedings. The district court granted the government's motion to strike the state court documents. It further rejected Mr. Gordon's argument that his prior robbery convictions should count as one offense for purposes of calculating his criminal history category, noting that it remained persuaded that it had properly determined the two robberies were not related and should be considered separate offenses for sentencing purposes.

The district court properly limited its review during the *Paladino* remand to the record at the time of sentencing. *United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005). The cases Mr. Gordon cites in support of his assertion that there is no limitation to the evidence that can be presented to the district court on remand are inapposite. In each of the cases he cites, this court had issued a full remand to the district court for resentencing. *See, e.g, United States v. White*, 406 F.3d 831 (7th Cir. 2005); *United States v. Sumner*, 325 F.3d 884 (7th Cir. 2003). The inquiry on a *Paladino* limited remand must look to conduct or circumstances in existence at the time the original sentence was imposed *See United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005). In *Paladino*, the court explained that a claim that requires extrinsic evidence is premature on direct appeal and must be made in a motion under 28 U.S.C. § 2255. 401 F.3d at 479. It is well-established that this court may not consider factual material outside the record which was never presented to the district court. *United States v. Noble*, 299 F.3d 907, 911 (7th Cir. 2002); *United States v. Elizalde-Adams*, 262 F.3d 637, 640-41 (7th Cir. 2001) ("The purpose of [Federal Rule of Appellate Procedure] 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the trial court . . ., not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment."). The district court therefore was correct in striking the additional state court documents that Mr. Gordon sought to present for the first time during the limited remand from this court.

In his opening brief filed in this appeal, Gordon argued only that the prior convictions which were used to qualify him as a career offender should have been

alleged in the indictment and proven beyond a reasonable doubt.  He acknowledged that the Supreme Court rejected this argument in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he raised it in order to preserve it for argument in case the Supreme Court decides to reconsider that holding.  *See also United States v. Henton,* 374 F.3d 467 (7th Cir. 2004) (explaining this court has repeatedly rejected this argument); *United States v. Skidmore*, 254 F.3d 635 (7th Cir. 2001).  Mr. Gordon did not make the argument that the two robberies should have counted as one offense for purposes of the career offender guideline at sentencing in his opening brief.  The detailed argument Mr. Gordon now makes in his argument following the *Paladino* remand regarding why the offenses were related relies on information contained in the state court records and apparently obtained from the Assistant State's Attorney who prosecuted the two robberies.  The government's motion to strike Mr. Gordon's argument following the *Paladino* remand therefore is **GRANTED** to the extent that the attached state court transcripts and state court docket sheet and the arguments based on these documents are **STRICKEN**.  These documents were not before the district court at sentencing and may not be considered by this court for the first time on appeal.

In *Paladino*, we held that if a district court responds to a limited remand with a statement that it would reimpose the same sentence, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable."  401 F.3d at 484.  Mr. Gordon's sentence is within the properly calculated guidelines range and therefore presumptively reasonable.  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Mr. Gordon's attempts to rebut that presumption with evidence not before the sentencing court are unavailing.  Accordingly, we **AFFIRM** the judgment of the district court.