In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-3914

BRETT A. STALLINGS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 06 C 136—**William D. Stiehl**, *Judge.*

_____

ARGUED APRIL 22, 2008—DECIDED JULY 30, 2008

_____

Before RIPPLE, EVANS and WILLIAMS, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Brett Stallings was convicted of possession of a firearm by a felon. *See* 18 U.S.C. § 922(g). Mr. Stallings, an armed career criminal, *see id.* § 924(e), was sentenced to 188 months' imprisonment shortly before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005) (holding that the sentencing guidelines are advisory, not mandatory). In this postconviction proceeding under 28 U.S.C. § 2255, Mr. Stallings contends that counsel on direct appeal was ineffective because she failed to raise a claim under *Booker*. For the reasons set forth in this opinion, we agree with Mr. Stallings that

counsel was deficient in failing to raise the claim, but, because we cannot determine on the record before us whether this shortcoming prejudiced Mr. Stallings, we vacate the district court's order and remand for further proceedings on this issue.

# I

## BACKGROUND

Mr. Stallings, a convicted felon, was standing in a parking lot when a police car approached him. Police observed Mr. Stallings discard an item under a nearby vehicle, and, when they retrieved it, they discovered it to be a loaded revolver. Mr. Stallings was charged with possession of a firearm by a felon and found guilty by a jury.

Mr. Stallings was sentenced in November 2004, several months after we had held the mandatory nature of the sentencing guidelines to be unconstitutional in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), and three months after the Supreme Court had granted certiorari in that case, *see United States v. Booker*, 542 U.S. 956 (2004). Over objection, the district court found that Mr. Stallings had three qualifying convictions under section 924(e)(2) and thus faced a minimum sentence of 15 years under section 924(e)(1). The court, applying the guidelines, calculated a total offense level of 33 and a criminal history category of IV, which yielded an imprisonment range of 188 to 235 months.

Before sentencing Mr. Stallings to 188 months' imprisonment, the district court stated that "under the law, I believe I am required to impose a certain, at least minimum

sentence." R.107 at 21. Mr. Stallings' arguments about his failing health, the district court continued, were not sufficiently corroborated by medical information to allow the court "to depart downward or reduce a sentence for that medical condition." *Id*. Mr. Stallings' trial counsel did not object on any ground to the application of the sentencing guidelines. But after the sentence had been imposed, counsel addressed the following inquiry to the court: "Judge, and I don't know what the answer is, maybe you can—with *Blakely* being under on [sic] the Supreme Court, do you have to do any alternative sentencing? Because I think you sentenced him under the guidelines." *Id*. at 26. The district court responded: "I did not impose an alternative sentence. And I think the sentence is appropriate. If it turns out I'm wrong, then we'll do it again." *Id*. Nothing more was said on the subject by counsel or the court.

Mr. Stallings appealed with newly appointed counsel. Counsel argued both that there was insufficient evidence to convict and that former counsel had rendered ineffective assistance during the trial. *United States v. Stallings*, 160 Fed. App'x 478 (7th Cir. 2005). The case was briefed after the Supreme Court had decided *Booker* and after this court had decided *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), and *United States v. Schlifer*, 403 F.3d 849 (7th Cir. 2005). Nevertheless, appellate counsel did not make a *Booker* argument in her brief, and the subject was not raised during oral argument on October 25, 2005. We affirmed the judgment in December 2005.

Mr. Stallings then filed a petition for habeas corpus under section 2255 in February 2006. He raised a number of claims, including that his appellate lawyer had been ineffective because she did not argue that it was error for

the district court to sentence him as an armed career criminal without proving his predicate convictions to a jury beyond a reasonable doubt. In connection with this contention, Mr. Stallings alleged that he had brought *Blakely v. Washington*, 542 U.S. 296 (2004), to appellate counsel's attention but that she had ignored that decision against his wishes. Mr. Stallings also claimed that he should not have received a guidelines sentence because he was sentenced "Post '*Blakely*' and Pre *Booker*." R.1 at 9. In denying relief, the district court first concluded that Mr. Stallings was foreclosed from raising a *Booker* claim by way of section 2255. The court also rejected his claim that appellate counsel had been ineffective, but it made no mention of *Booker* in rejecting that claim.

Mr. Stallings filed a timely notice of appeal, which we construed as an application for a certificate of appealability. We granted Mr. Stallings a certificate "regarding whether his appellate counsel was ineffective" and directed the parties "to address whether appellate counsel's failure to argue that Stallings was entitled to a limited remand to determine whether the sentencing court would have imposed the same sentence under an advisory guidelines regime, *see United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), constituted ineffective assistance of counsel." *Stallings v. United States*, No. 06-3914 (7th Cir. Jan. 25, 2007) (order granting certificate of appealability).[1]

---

[1]  In his brief, Mr. Stallings asked us to expand the certificate of appealability to allow him to contend that appellate counsel also was ineffective in failing to argue that a burglary conviction used in sentencing him as an armed career criminal

(continued...)

## II

## DISCUSSION

As a preliminary matter, Mr. Stallings makes a broader argument than the one framed in the certificate of appealability. He submits that his appellate counsel should have asked not for a limited remand under *Paladino*, as suggested by our certificate, but for a full remand under *United States v. Schlifer*, 403 F.3d 849 (7th Cir. 2005). This is so, according to Mr. Stallings, because "by citing to *Blakely* at sentencing . . . trial counsel preserved his *Booker* argument, making Mr. Stallings eligible for harmless error review under *Schlifer*." Appellant's Br. at 17. We cannot accept Mr. Stallings' premise. When Mr. Stallings' trial counsel mentioned *Blakely* at sentencing, he did no more than ask the district court about the governing law; counsel did not offer a view of the law or suggest that Mr. Stallings had been sentenced improperly, and therefore he did not preserve any error. Thus, the question before us, as correctly framed in the order granting a certificate of appealability, is whether Mr. Stallings' appellate counsel was ineffective for failing to raise the *Paladino* argument.

---

[1] (...continued)

was not a "violent felony" under section 924(e)(2)(B). We previously rejected this expansion request. *Stallings v. United States*, No. 06-3914 (7th Cir. Aug. 2, 2007) (order denying expansion of certificate of appealability). In any event, the proposed theory is frivolous. The indictment and judgment for that conviction reveal that Mr. Stallings burglarized a structure, and burglary of a structure is per se a "violent felony." *See* 18 U.S.C. § 924(e)(2)(B)(ii); *Taylor v. United States*, 495 U.S. 575, 599 (1990).

On review from the denial of a section 2255 motion, we review findings of fact for clear error and findings of law de novo. *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006). To show that his appellate counsel was ineffective, Mr. Stallings would have to prove that (1) counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's error. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984); *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). We presume that counsel's performance was reasonable, and that presumption must be overcome for Mr. Stallings to succeed. *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004).

When a petitioner contends that his appellate counsel was ineffective because counsel overlooked a meritorious argument, we first examine the record to see whether the appellate attorney in fact omitted "significant and obvious" issues. *Suggs*, 513 F.3d at 678; *Martin*, 384 F.3d at 851-52. If so, we then compare the neglected issues to those actually raised; if the ignored issues are "clearly stronger" than those raised, appellate counsel was deficient. *Lee v. Davis*, 328 F.3d 896, 900-01 (7th Cir. 2003). We shall not second-guess strategic decisions that were arguably appropriate at the time but that hindsight has revealed to be unwise. *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996). To meet the prejudice prong Mr. Stallings must show "a reasonable probability" that the omitted *Booker* claim "would have altered the outcome" of his direct appeal had it been raised. *See Lee*, 328 F.3d at 901.

We have not addressed previously whether the failure of appellate counsel to raise a forfeited *Booker* claim and request a *Paladino* remand could constitute ineffective assistance. At least one district court in this circuit has granted a section 2255 motion made on that ground. *See Gant v. United States*, 2006 WL 842374, at *4 (C.D. Ill. Mar.

28, 2006); *see also United States v. Pena*, 2007 WL 496731, at *1 (W.D. Mich. Feb. 13, 2007).

We agree with Mr. Stallings that, in this particular case, the omitted *Paladino* argument was "significant and obvious" and also "clearly stronger" than the arguments raised by appellate counsel. A limited remand under *Paladino* was available to any appellant who might conceivably benefit from the procedure, and the threshold was very low. Meanwhile, the issues appellate counsel did raise were nearly doomed to fail. *See United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005) (explaining why ineffective-assistance claims should rarely be brought on direct appeal); *United States v. Hicks*, 368 F.3d 801, 804-05 (7th Cir. 2004) (stating that the standard of review for insufficiency claim is "daunting").

Had Mr. Stallings asked for a *Paladino* remand on direct appeal, we would have granted it; the sentencing judge's cryptic comment about having imposed an "appropriate" sentence is not enough from which to conclude that the district court would not have considered a lower sentence had it understood the advisory nature of the guidelines. As long as the district court viewed the guidelines to be mandatory and did not convey that it would reject greater leniency under an advisory system, a *Paladino* remand request was available to any defendant who failed to make a *Booker* argument at sentencing. *See United States v. Washington*, 417 F.3d 780, 788-89 (7th Cir. 2005). The district court's belief that it was required to impose a guidelines sentence constituted error. *United States v. White*, 406 F.3d 827, 835 (7th Cir. 2005). In the limited remand, we would have asked the district court whether the sentence might have been different under the advisory guidelines regime—in other words, whether the error was prejudicial. *Paladino*, 401 F.3d at 483-84. This

also is the key remaining question under the *Strickland* test. 466 U.S. at 692.

The district court, however, never addressed the theory that appellate counsel's failure to seek a *Paladino* remand constituted ineffective assistance. If the district court had addressed this question when it first considered the section 2255 motion, it could have answered the question of prejudice simply by saying whether it would have sentenced Mr. Stallings any differently had it known the guidelines were advisory. Because the district court did not answer this question, we cannot determine whether counsel's deficient performance resulted in prejudice to Mr. Stallings. Thus, we vacate the court's order and remand for further consideration.

If the district court announces that it would have replied to a *Paladino* remand by informing this court that the same sentence would have been imposed, then Mr. Stallings could not have been prejudiced by appellate counsel's failure to raise the argument on appeal. In that event, the section 2255 motion should be denied. On the other hand, if the district court would have signaled an intention to resentence in response to a *Paladino* remand, then it should grant the section 2255 motion, vacate Mr. Stallings' sentence and resentence him.

## Conclusion

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

VACATED and REMANDED