WALLACE, Circuit Judge,
dissenting, writing separately:
In this case, the district court did not have jurisdiction to entertain Ghotra’s petition for writ of habeas corpus pursuant to the jurisdiction-stripping provisions of the REAL ID Act of 2005 (REAL ID Act). I write separately to highlight this important fact overlooked by the majority’s disposition.
Title 8 U.S.C. § 1252(a)(5), (b)(9) strips the district court of jurisdiction over habe-as claims that seek to review a final order of removal. Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir.2007). There, we held that despite these jurisdiction-stripping provisions, the REAL ID Act did not preclude an ineffective assistance claim arising from a lawyer’s alleged failure to file a timely petition for review of a Board decision. We reasoned that such a claim “cannot be construed as seeking judicial review of [a] final order of removal” because the petitioner’s “only remedy would be the restarting of the thirty-day period for the filing of a petition for review with this court. In other words, a successful habeas petition in this case will lead to nothing more than ‘a day in court’ for [the petitioner] ... ” Id. at 979 (emphasis added). Thus, we concluded that “a narrow claim of ineffective assistance of counsel in connection with a post-administrative filing of an appeal with the court of appeals ... falls outside the jurisdiction-stripping provisions of the [REAL ID Act].” Id. at 972.
In this appeal, Ghotra’s ineffective assistance claim does not fall within the narrow exception to the jurisdiction-stripping provisions of the REAL ID Act outlined in Singh because the logical remedy for Gho-tra’s claim is not simply an opportunity to have “a day in court,” but rather the vacation or reversal of her removal order. A habeas remedy “should put the defendant back in the position he would have been in if the [constitutional] violation had not occurred.” United States v. Blaylock, 20 F.3d 1458, 1468 (9th Cir.1994). Thus, where a habeas petitioner claims that he received ineffective assistance because his counsel failed to raise certain arguments on appeal, the remedy is not another opportunity to raise those arguments before the appellate court, but rather an order vacating the petitioner’s conviction and/or sentence. See, e.g., Stallings v. United States, 536 F.3d 624, 627-28 (7th Cir.2008) (indicating that the remedy for a successful ineffective assistance of appellate counsel claim on habeas is an order vacating the petitioner’s sentence, and a remand for resentencing); Ballard v. United States, 400 F.3d 404, 410-11 (6th Cir.2005) (concluding that a habeas petitioner received ineffective assistance of appellate counsel, and therefore vacating the petitioner’s sentence, and remanding for resentencing).
Similarly here, if Ghotra were to succeed on her ineffective assistance claim, she *606 would be entitled to the vacation or reversal of her removal order. Ghotra argues that her appellate counsel was ineffective because of a failure to argue that (1) she suffered ineffective assistance during her administrative hearing before the Immigration Judge, (2) the Board erred in issuing conflicting decisions in two cases that involved similar facts, and (3) the Board’s differential treatment of similar cases is a violation of equal protection. To succeed, Ghotra would have to prove that had these arguments been raised in her petition, the outcome of her petition would have been different; to wit, that she would have prevailed in her original petition. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to succeed on an ineffective assistance of counsel claims, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different”). Thus, unlike the petitioner in Singh, Ghotra’s remedy on a successful petition is the vacation, or possibly reversal, of her removal order. Her petition therefore does not fall within the narrow exception to the jurisdiction-stripping provisions of the REAL ID Act that we recognized in Singh.
Nor do I believe such an interpretation of the REAL ID Act necessarily implicates the protections of the Suspension Clause. U.S. Const, art. 1, § 9, cl. 2. The Supreme Court has held that Congress may eliminate habeas corpus without running afoul of the Suspension Clause so long as it provides “a collateral remedy which is neither inadequate nor ineffective to test the legality of a person’s detention.” Swain v. Pressley, 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). An adequate substitute for habeas corpus must give the petitioner “a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law.” Singh v. Mukasey, 533 F.3d 1103, 1106 (9th Cir.2008) (internal quotation marks omitted).
In this case, an adequate and effective alternative to habeas review is available to Ghotra via a motion to recall or amend this court’s mandate. In Feldman v. Henman, 815 F.2d 1318, 1322-23 (9th Cir.1987), we held that where a petitioner asserts that errors occurred in the court of appeals on direct review, the proper method to seek review of those errors is through a motion to recall or amend the mandate. Thus, under this procedure, after losing on direct appeal, Ghotra could have moved this court to recall its mandate, arguing that she suffered ineffective assistance of counsel on appeal. Accordingly, the Suspension Clause is not offended by a reading of the REAL ID Act that strips the district court of jurisdiction over Ghotra’s petition.
The majority does not address the threshold issue of jurisdiction, and instead denies Ghotra’s petition based on an evaluation of the remedies sought. However, “[t]he requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United states and is inflexible without exception.” Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). We are therefore obliged to consider our jurisdiction first among the various issues presented in a particular case. Following this directive here, we should dismiss Ghotra’s petition for lack of jurisdiction.