NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 24, 2009
Decided June 24, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4199

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 928-1 |
| JUAN REYNA, *Defendant-Appellant.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

Juan Reyna, a black-market gun dealer and convicted felon, pleaded guilty to possessing firearms in violation of 18 U.S.C. § 922(g)(1). The district court found that Reyna's prior convictions met the requirements for sentencing as an armed career criminal, *see* 18 U.S.C. § 924(e)(1), and sentenced him to the 15-year mandatory minimum sentence. Reyna filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a non-frivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Reyna has not accepted our invitation to comment on counsel's motion, *see* CIR. R. 51(b), so we confine our review to the potential issues raised in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At the outset we note that Reyna has given no indication that he wishes to withdraw his guilty plea. Thus, counsel appropriately omits any discussion of the validity of the plea agreement. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Reyna could avoid the 15-year mandatory minimum sentence under the Armed Career Criminal Act by arguing that his conviction for three residential burglaries constituted only one predicate offense. The ACCA imposes a 15-year mandatory minimum sentence on a defendant who possesses a firearm after previously being convicted of three violent felonies or serious drug offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Burglary of any structure is a violent felony, s*ee Taylor v. United States*, 495 U.S. 575, 598 (1990); *Stallings v. United States*, 536 F.3d 624, 626 n.1 (7th Cir. 2008), but counsel entertains the possibility that the residential burglaries should collectively count as a single violent felony because they occurred during a week-long spree and were disposed of in a single proceeding.

For purposes of the ACCA, we consider multiple prior felonies distinct offenses if each arose from a "separate and distinct criminal enterprise." *United States v. Hudspeth*, 42 F.3d 1015, 1019 (7th Cir. 1994) (en banc). Even if the offenses were committed in rapid succession, so long as the defendant had the opportunity to abandon the criminal enterprise before moving on to the next offense, each crime counts separately. *Id.* Given that Reyna burgled three different homes over a six-day period, it would be frivolous to argue that he did not have the opportunity to change his mind before undertaking each successive burglary. *See id.* at 1021 (ruling that three burglaries committed within 35 minutes counted as separate felonies for purposes of the ACCA); *United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000) (ruling that two drug deals carried out within 45 minutes were separate felonies).

Counsel concludes that it would be equally frivolous to argue that Amendment 709 to the Guidelines required the district court to consolidate Reyna's burglaries for purposes of the ACCA's mandatory minimum sentence. Amendment 709, now codified at U.S.S.G. § 4A1.2(a)(2), directs a district court when calculating criminal history to count multiple convictions as one if the offenses were listed in the same charging document or the sentences imposed on the same day. As we have noted elsewhere, however, "[l]anguage in the Guidelines cannot be used to modify statutes." *United States v. Cannon*, 429 F.3d 1158, 1161 (7th Cir. 2005).

Moreover, even if Reyna could reclassify his residential burglaries as a single predicate offense, he would still be subject to the ACCA's 15-year mandatory minimum

sentence because (as reflected in the PSR) several years later he committed two other violent felonies: burglary of a Subway restaurant and aggravated battery of a police officer.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.