NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 1, 2009
Decided August 25, 2009

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2448

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 02 CR 895 |
| DARRYL WILSON, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge*. |

## O R D E R

In this successive appeal, Darryl Wilson contends that the district court incorrectly applied the Sentencing Guidelines enhancements for the quantity of drugs attributable to him as part of a conspiracy, firearm possession, and obstruction of justice. He also contends that the district court failed to consider his argument that his sentence was disproportionate to those received by his coconspirators. Because Wilson failed to object to these sentencing enhancements during his first appeal, the law of the case doctrine precluded him from re-litigating them on remand. The record also reflects that the sentencing court adequately

considered Wilson's sentencing disparity argument, and so we affirm his sentence.

## I.          Background

Because our prior opinion details this case's relevant facts in depth, we only restate those facts directly relevant to this appeal. *See United States v. Wilson*, 481 F.3d 475, 478-79 (7th Cir. 2007). Wilson was arrested for selling crack to a government agent. The government indicted Wilson with: (1) conspiracy to distribute and to possess with the intent to distribute a controlled substance within 1,000 feet of a public housing facility; (2) four counts of distributing a controlled substance within 1,000 feet of a public housing facility; (3) being a felon in possession of a firearm; and (4) obstruction of justice. Wilson pleaded guilty to the distribution charges, and a jury convicted him of the conspiracy charge. The firearm and obstruction counts were dismissed with the government's agreement. After the district court denied Wilson's motion for a new trial, the district court sentenced Wilson to life imprisonment on the conspiracy charge and to 480 months' imprisonment on the distribution charges. At sentencing, the district court found that Wilson was responsible for more than 1.5 kilograms of crack as part of the conspiracy. The district court added two offense levels after it found that Wilson possessed a dangerous weapon during the course of the offense and another two additional levels because Wilson attempted to obstruct justice in connection with the offense. Wilson did not challenge the drug amount enhancement, but he did contest the firearm and obstruction enhancements.

Wilson appealed his sentence and conviction. *See id*. Wilson alleged that the government withheld evidence at his trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that his sentence violated the Sixth Amendment's guarantee of a trial by jury. *Id*. at 484. Notably, Wilson did not contest the quantity of drugs attributable to him, nor the firearm and obstruction enhancements, during that appeal. *See id*. We affirmed Wilson's conviction, but vacated his sentence and remanded for re-sentencing pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005) to see if the district court would have issued a different sentence if it had known that the Guidelines were advisory rather than mandatory. *Id*. at 485.

On remand, Wilson again contested the firearm and obstruction enhancements, which he raised at his initial sentencing, as well as the drug quantity enhancement. The district court addressed each of the sentencing objections, even though the government insisted that it need not do so because the law of the case doctrine precluded review. The district court held that the evidence supported its finding that more than 1.5 kilograms of crack was attributable to Wilson. It also held that the enhancements for possession of a firearm and obstruction applied. The court was satisfied that witness testimony established that Wilson was apprehended with a firearm, that he had sold drugs with a firearm in view, and that Wilson and another individual, Lamont White, had a conversation at the Metropolitan Correctional Center in Chicago during which they threatened to kill cooperating witnesses. After considering these

arguments, noting the 18 U.S.C. § 3553 factors, and listening to Wilson's allocution, the district court sentenced Wilson to 360 months' imprisonment. This appeal followed.

## II.        Analysis

### A.      The Law of the Case Doctrine Precludes Wilson's Sentencing Enhancement Challenge

Wilson contends that the district court improperly applied enhancements for the quantity of drugs attributable to him, firearm possession, and obstruction of justice. In Wilson's initial appeal, we remanded for the limited purpose of determining "whether the district court would [have] impose[d] the same sentence if required to re-sentence under an advisory Guidelines regime." *Wilson*, 481 F.3d at 484. "The scope of a district court's power on remand is determined by the language of the order of remand," *United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005), and "any issue that could have been but was not raised on appeal is waived and thus not remanded." *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002). In sum, the "law of the case doctrine" precludes a defendant from raising arguments at a re-sentencing that were not challenged on direct appeal, absent intervening legal authority, new evidence, or some other changed circumstances. *United States v. Sumner*, 325 F.3d 884, 891 (7th Cir. 2003).

In *United States v. Sumner*, the defendant pleaded guilty to three counts of distributing crack, and we remanded because the district court made insufficient factual findings. 325 F.3d at 888, 891. On remand, the defendant attempted to reopen certain objections he had made during the initial sentencing, but did not raise in his first appeal, as well as other objections not raised during his original sentencing hearing. *Id.* at 891-92. We concluded that the law of the case doctrine precluded the defendant from raising these arguments at his re-sentencing, or in any subsequent appeal. *Id*. at 891 ("We have repeatedly stated that changes in litigation position on successive appeals are barred except where justified by intervening authority, new and previously undiscoverable evidence, or other changed circumstances.").

This case is nearly identical to the *Sumner* in that both cases involve defendants seeking to re-litigate the quantities of drugs attributed to them during re-sentencing, and both defendants raise new objections not litigated during their first appeals. Indeed, Wilson acknowledges as much in his reply brief when he attempts to distinguish *Sumner*. He contends that *Sumner,* and the law of the case doctrine, are not applicable here because *Sumner* was a limited remand, whereas this case is a *full* remand with no limitations. Contrary to the defendant's assertion, *Sumner* was a full remand, *see United States v. Gordon,* 189 F. App'x. 544, 545 (7th Cir. 2006) (unpublished), and the law of the case doctrine *still* applied. *See Sumner*, 325 F.3d at 891-92. If the law of the case doctrine applied in a full remand, then it undoubtedly applies to a limited remand, like this case. *See, e.g., Stallings v. United States*, 536 F.3d 624, 628 (7th Cir. 2008) (noting that a remand pursuant to *Paladino* is for the *limited* purpose of assessing

if the district court would have imposed a different sentence if it knew that the Guidelines were advisory rather than mandatory). Because Wilson, like Sumner, did not challenge the drug quantity finding during his initial appeal, the law of the case doctrine precludes him from raising it now.

Nor did Wilson contest the factual determinations underpinning the firearm and obstruction enhancements during his initial appeal. He merely contested the ability of the court to apply them under the Sixth Amendment. *See Wilson*, 481 F.3d at 483-84. These issues were not raised on appeal and therefore were beyond the scope of the remand order, and therefore unreviewable by the district court on remand, or by us on subsequent appeal, pursuant to the law of the case doctrine. *Id.*; *see also Husband*, 312 F.3d at 250.

One final point, even if the law of the case doctrine was inapplicable, we would find that the district court did not commit reversible error in applying these sentencing enhancements. We review a district court's application of the Sentencing Guidelines and its underlying factual findings for clear error. *See United States v. Stitman*, 472 F.3d 983, 986 (7th Cir. 2007). Clear error exists when we review the entire record and are "left with the firm and definite conviction that a mistake has been made." *United States v. Marty*, 450 F.3d 687, 689-90 (7th Cir. 2006). "A district court's determination of witness credibility is entitled to great deference and can virtually never be clear error." *United States v. Clark*, 538 F.3d 803, 813 (7th Cir. 2008) (citations and quotation omitted).

The district court did not commit clear error in this case. It considered voluminous testimony about the length of the conspiracy, the quantity of drugs involved, and Wilson's involvement in the conspiracy, and it used these factors to determine the quantity attributable to Wilson. *See id.* (holding that the quantity of drugs that a district court sentences a defendant for possessing or selling is a factual determination entitled to our deference). Here, the district court heard considerable evidence that Wilson used a firearm during this conspiracy, including, among other things, that Wilson was seen throwing a gun away while running from the police shortly before his arrest. *See United States v. Rush*, 890 F.3d 45, 49 (7th Cir. 1989) (rejecting the argument that a gun recovered in the defendant's car when he was not in the car could not be considered a tool of the trade). The district court also considered ample evidence before finding that the obstruction enhancement applied; multiple individuals indicated that Wilson and co-defendant Lamont White expressed an interest in harming or killing cooperating witnesses while in a Chicago jail. *See United States v. Johnson*, 227 F.3d 807, 815 (7th Cir. 2000) (holding that a defendant obstructed justice when he threatened to kill a fellow inmate who was cooperating with the government). In sum, each enhancement that the sentencing court applied was supported by credible evidence, and so we cannot say that its application of these enhancements was clearly erroneous. *See Clark*, 538 F.3d at 813.

In sum, the law of the case doctrine precludes Wilson from contesting the Guidelines enhancements. Even if the law of the case doctrine did not apply, we would find that the district court's application of the law is not clearly erroneous.

**B.      The District Court Properly Addressed Wilson's Disproportionate Sentencing Argument**

Wilson also contends that his sentence was unfair since his co-defendants, and similar offenders, received lesser terms of imprisonment for similar conduct.  He alleges that the district court did not address this argument during his sentencing hearing, and that we must remand for it to consider the argument.  We review *de novo* a district court's decision to discuss (or not discuss) an issue at sentencing because it relates to its sentencing procedures. *See United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007).  The district must address all of a defendant's principal arguments that are "not so weak as not to merit discussion."  *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

However, we do not need to inquire into whether this argument is "so weak" as to not merit discussion because the district court clearly addressed Wilson's disparity argument:

> The Court:     . . . You are right, Mr. Goodman, that there is something distasteful about giving someone a substantially longer sentence merely because he exercised his right to a trial by jury.  But in fact, persons who pleaded guilty in this case did get substantial sentences in many instances, those two didn't have deals.  My concern here is the same as the one that you mentioned, that Mr. Wilson isn't–so far as we know, there is no evidence that he committed a murder of any kind.  Instead, we are looking at, really, longtime involvement with drug trafficking and all the dangers that that creates in our community . . .

The district court also mentioned additional factors that differentiated Wilson from his coconspirators.  First, the district court noted that Wilson had discussed finding a way to physically harm cooperating witnesses.  Second, the court recognized that a very substantial quantity of drugs was involved, and that Wilson was a key participant in a conspiracy to distribute these drugs in a housing project. Finally, the district court indicated that the evidence showed that he coordinated the sale of drugs in buildings where many families lived.  Based on these comments, it is clear that the district court satisfied its burden to address the defendant's disparity argument as required by *Cunningham*.

### III.      Conclusion

For the foregoing reasons, Wilson's sentence is **AFFIRMED**.