# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-3657

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DAVID L. HENTON,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 289-1—**Milton I. Shadur**, *Judge.*

———————

ARGUED APRIL 21, 2004—DECIDED JUNE 29, 2004

———————

Before COFFEY, MANION, and KANNE, *Circuit Judges.*

PER CURIAM.    Pursuant to a plea agreement, David Henton pleaded guilty to violating 18 U.S.C. § 922(g), which makes it a crime to possess a firearm after being convicted of a felony. Because Henton had three prior state drug convictions, the district court sentenced him to the mandatory minimum of fifteen years' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Henton appeals, arguing that his recidivism should have been charged in the indictment and proven beyond a reasonable doubt and that the district court erred when it

determined that his 1993 state drug conviction qualified as a "serious drug offense" under ACCA. We affirm.

## I. Background

Henton's conviction stems from a June 2002 incident in which Chicago police officers saw him holding a handgun. When the officers confronted Henton, he admitted he had a weapon and placed it on the ground. The officers determined that Henton had been carrying a fully-loaded 9-millimeter semi-automatic pistol. At the time of his arrest, Henton had a prior felony conviction, and in July 2002 he pleaded guilty to being a felon in possession of a firearm.

At sentencing, the parties disputed whether Henton had three prior "serious drug offenses" under ACCA (defined as offenses "for which a maximum term of ten years or more is prescribed by law"), which mandates a 15-year minimum sentence. Henton admitted that his two 1991 Illinois convictions for possession of cocaine with intent to deliver were "serious," but he disputed his 1993 conviction. In the 1993 case, Henton had been arrested for possessing less than one gram of cocaine with the intent to deliver. The state court judge had sentenced Henton to four years of imprisonment, noting that his crime was "punishable by three to seven years in the penitentiary, seven to 14 on extended term." In the district court Henton argued that this conviction was not a "serious drug offense" under ACCA because, although he had admittedly been eligible for an "extended term" as a repeat offender, the state court judge had not given Henton "due notice" that his sentence was being enhanced under the extended-term provision. He also argued that, because the state statute provided only that a recidivist's sentence "may be enhanced," it did not *mandate* a sentence of more than ten years and therefore did not constitute a "serious drug offense."

The district court rejected Henton's arguments, holding that his 1993 conviction qualified as a serious drug offense under ACCA. The court stated that the sentence Henton actually received was irrelevant:

> If something could carry a sentence of ten years, even though the court may give you time served for two days, it's still considered a qualifying offense. That's the way the law reads. So it's not what you actually got, it's what the law could have provided if the court had hit you hardest of all right up at the top . . . . it's only because it gets an extended term, [not because] of that offense alone, but because at that time you had a prior felony record.

The court reasoned that the Illinois statute at issue unambiguously provided that possession of a controlled substance could be punished by seven to fourteen years' imprisonment if the defendant had previously been convicted for controlled substances violations. The district court ruled that Henton's drug conviction that pre-dated the 1993 conviction made him eligible for more than ten years' imprisonment for the 1993 conviction. Thus, the district court concluded that Henton's 1993 conviction could be counted as a "serious drug offense."

## II.  Analysis

### A.  Designation of 1993 Conviction as "Serious Drug Offense"

Henton argues that the district court erred in determining that his 1993 Illinois conviction for possessing less than one gram of cocaine constituted a "serious drug offense" under ACCA. He claims that his crime was not one for which more than ten years of imprisonment is authorized, because the non-extended term under the Illinois statute can be no more than seven years, and "[a]t no time

[did] the Court, or anyone else, tell [him] that the state [had] extended the term" to the seven-to-fourteen-year range.

Under the Armed Career Criminal Act, a defendant who has been found guilty of possessing a weapon after committing a felony must be sentenced to a minimum term of 15 years' imprisonment if he has previously been convicted of three "serious drug offenses." 18 U.S.C. § 924(e)(1). ACCA defines a "serious drug offense" as "an offense under State law, involving the manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years is prescribed by law." *Id.* Whether a crime counts toward designating a defendant as an armed career criminal under ACCA is a question of law, which we review *de novo. United States v. Gillaum*, 355 F.3d 982, 993 (7th Cir. 2004).

In this case, the statute that led to Henton's 1993 conviction provides that possession of less than a gram of cocaine with the intent to deliver is a Class 2 felony, punishable by three to seven years' imprisonment. Ill. Rev. Stat., Ch. 56 ½, ¶ 1401(d). The statute also provides, however, that "any person convicted of a second or subsequent offense under this act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized." *Id.* ¶ 1408(a). Henton concedes that he had a previous Illinois drug conviction at the time of his 1993 conviction, so he was eligible for up to fourteen years' imprisonment. Although Henton argues that the state's failure to expressly invoke the extended-term provision of the statute meant that he was not subject to it, the statute does not contain any prerequisites, other than recidivism, to qualify for the extended term. *Cf. United States v. Williams*, 326 F.3d 535, 539-40 (4th Cir. 2003) (state drug statute required that prosecutor make an "application" for the extended term and establish defendant's prior crime by a preponderance of the

evidence). More importantly, it is irrelevant under ACCA whether Henton actually received an extended sentence on his 1993 conviction; what matters is the sentence that the state statute made possible. *Taylor v. United States*, 495 U.S. 575, 600 (1990) (district courts should look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying these convictions"); *United States v. Coleman*, 158 F.3d 199, 203-04 (4th Cir. 1998) (fact that defendant received only a six-month sentence not relevant to whether crime counted under ACCA). Because Henton was eligible for up to fourteen years' imprisonment, the district court properly concluded that the 1993 conviction qualifies as a "serious drug offense" under ACCA.

## B.  Proof of Recidivism and *Apprendi*

Henton also asserts that his conviction violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He states that "when the existence of three prior violent (or drug) crimes increases the statutory (USSG) maximum punishment under § 924, then, notwithstanding their characterization as 'sentencing factors,' they must be treated as offense elements in the Federal proceeding."

Henton is correct that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. But although 18 U.S.C. § 924(e) operates to increase the statutory maximum for Henton's crime from ten years to life, the Supreme Court has excluded increases beyond the statutory maximum for recidivism from the *Apprendi* rule, holding that "the fact of a prior conviction" need not be charged in the indictment and proven to the jury. *Id.*; *see also Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998) (holding, prior to *Apprendi*, that recidivism is a sentencing factor and not an element of the crime). Ac-

cordingly, this court has repeatedly rejected the assertion that district courts should treat prior convictions used to enhance a defendant's penalty under ACCA as elements of the offense. *United States v. Hendricks*, 319 F.3d 993, 1008 (7th Cir. 2003); *United States v. Morris*, 293 F.3d 1010, 1013 (7th Cir. 2002); *United States v. Skidmore*, 254 F.3d 635, 642 (7th Cir. 2001). Henton's sentence did not violate *Apprendi.*

### III. Conclusion

For the foregoing reasons, the decision of the district court is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*