**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Moses J. HAMBERLIN, Defendant–
Appellant.**

**No. 04–1780.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 14, 2005.*

Decided Feb. 25, 2005.

---

* We granted the defendant's motion to waive oral argument. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a), 34(f).

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Victor E. Plantinga, Rose & Dejong, Brookfield, WI, for Defendant–Appellant.

Before Hon. RICHARD A. POSNER, Hon. DIANE P. WOOD, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

## ORDER

In this appeal, Moses Hamberlin challenges his sentence, which was enhanced because he qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Hamberlin argues only that the facts necessary for his enhancement had to be proven beyond a reasonable doubt and submitted to the jury, or admitted, under the rule announced in *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because *Booker* did not overrule *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which holds that the fact of a prior conviction need not be charged in the indictment nor submitted to the jury, we reject this argument and affirm the sentence.

On September 23, 2003, Hamberlin was indicted on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After reaching a plea agreement with the prosecutor, he pleaded guilty to the first count on December 15, 2003. In exchange for his plea, the government agreed to drop count two of the indictment and to recommend a decrease in his offense level under the United States Sentencing Guidelines for acceptance of responsibility. See U.S.S.G. § 3E1.1(a).

The Presentencing Investigation Report (PSR) prepared for Hamberlin's case concluded that he qualified as an armed career criminal subject to an enhanced sentence under 18 U.S.C. § 924(e), rather than the lower sentence that would have been imposed under § 924(a)(2). Section 924(e) imposes a mandatory minimum sentence of 15 years "[i]n the case of a person who violates section 922(g) ... and has three previous convictions ... for a violent felony or a serious drug offense." For felons with fewer than three predicate convictions, the maximum sentence for a § 922(g) violation is 10 years, 18 U.S.C. § 924(a)(2).

Under the Sentencing Guidelines, a defendant subject to an enhanced sentence under 18 U.S.C. § 924(e) receives a base offense level of 33 and is placed in Criminal History Category IV. See U.S.S.G. §§ 4B1.4(b)(3)(B)-(c)(3). Thus, with the maximum three-level downward adjustment for acceptance of responsibility, Hamberlin had an offense level of 30. His criminal history category was a IV. The result was that his Guidelines sentencing range was 135 to 168 months. As required by 18 U.S.C. § 924(e), however, the PSR recommended a sentence of 180 months, which is the statutory mandatory minimum.

Hamberlin did not object to the PSR's determination that he was an armed career criminal, because he had indeed previously been convicted of two felony burglaries and one drug trafficking crime. Instead, he moved for a downward departure, arguing that his criminal history category substantially over-represented the seriousness of his behavior. The district

court denied his motion, adopted the recommendation of the PSR, and sentenced him to 180 months, noting that this was in any event the statutory mandatory minimum.

Hamberlin now argues that the prior convictions used to characterize him as an armed career criminal had to be alleged in the indictment and then either admitted by him or otherwise proven beyond a reasonable doubt to the jury. He acknowledges that the Supreme Court rejected this argument in *Almendarez–Torres,* but he raises it in order to preserve it for argument in case the Supreme Court decides to reconsider that holding. So far, the signs are few that it will do so. In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court reaffirmed that the "fact of a prior conviction" did not have to be handled that way. *Id.* at 490. Later, in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Court again signaled its continued adherence to *Almendarez–Torres,* when it said that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2536. Its language in the recent *Booker* decision is to the same effect. See 125 S.Ct. at 756. In keeping with this line of authority from the Supreme Court, this court has "repeatedly rejected the assertion that district courts should treat prior convictions used to enhance a defendant's penalty under [the Armed Career Criminal Act] as elements of the offense." *United States v. Henton,* 374 F.3d 467 (7th Cir.2004) (finding no *Apprendi* violation); see also *United States v. Skidmore,* 254 F.3d 635 (7th Cir. 2001).

Under the as-yet undisturbed rule of *Almendarez–Torres,* Hamberlin's appeal must fail. Furthermore, because the district court imposed the mandatory minimum sentence of 15 years (180 months), neither impermissible judicial fact-finding nor the Sentencing Guidelines had any effect on his ultimate sentence and he thus has no claim directly under *Booker.* We therefore AFFIRM the judgment of the district court.