# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-3163

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALONZO PERKINS,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 CR 111—**Joan B. Gottschall**, *Judge.*

---

ARGUED APRIL 19, 2006—DECIDED JUNE 5, 2006

---

Before COFFEY, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Following his conviction for carrying a firearm that his earlier felonies made it unlawful for him to possess, see 18 U.S.C. §922(g), Alonzo Perkins was sentenced to 15 years' imprisonment. The validity of that sentence depends on the district court's conclusion that Perkins is an armed career criminal under the definition in §924(e). If he is, then the minimum lawful sentence is 15 years; if he is not, then the maximum lawful sentence is 10 years.

Perkins opens with an argument that the sentence is unlawful whether or not his criminal record satisfies the

statutory definition. That is so, he maintains, because the judgment recites only a conviction under §922(g), and as the maximum for that crime is 10 years his sentence must be reduced. That would be the right way to look at things if §924(e) created a separate crime, but it does not. Both the caption of §924 as a whole ("Penalties") and the text of §924(e) in particular show that it raises the sentences for other crimes without creating a stand-alone offense. See *Shepard v. United States*, 544 U.S. 13 (2005); *Custis v. United States*, 511 U.S. 485 (1994); *Taylor v. United States*, 495 U.S. 575 (1990). Once the judge makes the appropriate findings under §924(e), the minimum sentence for the offense defined in §922(g) rises to 15 years and the maximum to life. So the judgment is exactly right: Perkins has been convicted of violating §922(g), and the sentence of 15 years is lawful if the judge's findings under §924(e) are correct.

Section 924(e)(1) provides that anyone who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is an armed career criminal. Perkins concedes that one of his convictions meets the statutory standard but denies that any other does so. This prosecutor relied on two of Perkins's three convictions for delivering less than one gram of cocaine, in violation of 720 ILCS 570/401(d). This is not a "serious" drug offense, Perkins maintains. That term includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act), for which a maximum term of imprisonment of ten years or more is prescribed by law". 18 U.S.C. §924(e)(2)(A)(ii). Illinois prescribes a maximum of 7 years' imprisonment for a first offense under §570/401(d). See 730 ILCS 5/5-8-1(a)(5). But the maximum increases to 14 years for second and successive offenses. 720 ILCS 570/408(a). The district judge

concluded that the maximum term of 14 years brought two of Perkins's drug convictions within §924(e)(2)(A)(ii).

Perkins's response depends on the fact that he pleaded guilty to the state charges. Illinois requires judges to inform people who are pleading guilty about extra penalties for recidivism. See 730 ILCS 5/5-8-2(b): "If the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." The papers before the federal district court do not show that he was so informed by the state judges and so, Perkins insists, his maximum possible sentence was only 7 years for each of the successive crimes and neither was a "serious" drug offense. This argument is wrong for three distinct reasons.

First, §5/5-8-2(b) requires notice on the record only when the enhancement would occur "under this Section". Perkins's maximum sentence was not augmented by virtue of §5/5-8-2(a) (or for that matter 720 ILCS §5/5-8-1 or 5/5-5-3.2(b), two other enhancement provisions that §5/5-8-2(a) incorporates). His enhancement rests on 720 ILCS 570/408(a). That statute's 14-year term is unaffected by 730 ILCS 5/5-8-2(b). No state court has held that §5/5-8-2(b) applies to recidivist sentences under §570/408(a).

Second, as a matter of federal law the "maximum term of imprisonment" to which §924(e)(2)(A)(ii) refers is the maximum for the *crime of conviction*—and as a matter of state law that maximum was 14 years even though Perkins received less. See *United States v. Henton*, 374 F.3d 467 (7th Cir. 2004), which applies this rule to a second drug offender who was sentenced to less than 10 years under §570/408(a). Whether or not the state judges stumbled by failing to remind Perkins of this maximum on the record, the federal statute inquires about the highest possible penalty. When Perkins continued selling cocaine despite his

prior conviction, he exposed himself to a maximum of 14 years in prison. Federal law deems that a "serious" drug offense; errors by the state judiciary do not make it less serious.

Third, the Supreme Court held in both *Shepard* and *Taylor* that federal recidivism statutes such as §924(e) call for an evaluation of the crime of conviction, not the defendant's actual conduct or the details of the proceedings in state court. Whether a state conviction justifies a federal recidivism enhancement depends on the elements of the offense and the terms of the indictment or information. *Shepard* adds that tried and pleaded cases are to be treated identically, and there is no doubt that Perkins's maximum sentence would have been 14 years had he gone to trial. What Perkins wants us to do is go behind the language of the charging papers and determine the effect of his state convictions based, not on the crime of which he was convicted, but on oral exchanges in state court. Section 924(e) does not authorize such a trip through the record, and *Shepard* affirmatively prohibits such a detour. (For all we know, the state judges *did* inform Perkins on the record of the 14-year maximum.)

Perkins stands convicted of two drug crimes that under Illinois law exposed him to 14 years in prison. That is the number to use when determining whether a crime is "serious," whether or not the record shows that the state judiciary took every step required to impose the maximum term. Federal courts stop with the text of the state criminal statute and the charge (except in the rare circumstances, not present here, when examining a guilty-plea colloquy may be essential to determine just what crime the defendant committed). Perkins accordingly is an armed career criminal, and his sentence is

AFFIRMED.

A true Copy:

Teste:

                                     *Clerk of the United States Court of*
                                         *Appeals for the Seventh Circuit*