NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 12, 2007
Decided June 26, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 06-3781 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, | Northern District of Indiana, |
| *Plaintiff-Appellee*, | Hammond Division. |
| v. | No. 2:05 CR 202 |
| JEFFREY LYDELL LEWIS, | James T. Moody, |
| *Defendant-Appellant*. | *Judge.* |

**ORDER**

Jeffrey Lewis pleaded guilty to possession of a firearm by a felon and was sentenced to fifteen years in prison. On appeal he challenges his term of imprisonment, arguing that the district court improperly enhanced his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), after wrongfully concluding that a 1997 state conviction for delivery of a controlled substance constituted a "serious drug offense." We affirm.

The facts are undisputed. Lewis was charged with one count of possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g) after police officers discovered a loaded pistol in his home. Following indictment but before Lewis

pleaded guilty, the government notified him that it would seek an enhanced sentence under the ACCA based upon his Illinois convictions for robbery in 1989, armed robbery in 1990, and delivery of a controlled substance in 1997. Despite Lewis's extensive criminal history, the government did not identify any other prior convictions that might count toward enhanced sentencing. If applicable, the ACCA would increase Lewis's sentence from a maximum of ten years' imprisonment, 18 U.S.C. § 924(a)(2), to a mandatory minimum of fifteen years, *id.* § 924(e)(1).

Lewis conceded that his robbery convictions qualified as two of the three prior convictions required for enhancement under the ACCA but objected that his 1997 drug conviction was not a "serious drug offense" and thus did not qualify. He argued that to qualify as a serious drug offense under the ACCA, the crime must carry a maximum penalty of at least ten years' imprisonment. 18 U.S.C. § 924(e)(2)(A). But the statute of conviction, read in isolation, classifies his offense as a Class 2 felony, 720 ILL. COMP. STAT. 570/401(d), carrying a maximum penalty of seven years' imprisonment, 730 ILL. COMP. STAT. 5/5-8-1(a)(5). And he in fact received seven years for the offense. Thus, Lewis reasoned, his drug conviction could not support an enhanced sentence under the ACCA.

The district court rejected Lewis's argument and imposed the minimum term of imprisonment mandated by the ACCA. Relying on two provisions of the Illinois Code, the district court acknowledged that a Class 2 felony ordinarily carries a maximum of seven years' imprisonment, 730 ILL. COMP. STAT. 5/5-8-1(a)(5), but reasoned that because Lewis had at least two prior convictions that qualified him for sentencing under Illinois's recidivism statute, *id.* 5/5-5-3(c)(8), he was actually subject to thirty years' imprisonment, *id.* 5/5-8-1(a)(3).[1] That conclusion is consistent with a notation in the state-court judgment: "Class 2 offense sentenced under 6-30 range." Accordingly, the district court determined that the 1997 conviction constituted a serious drug offense as well as the third felony necessary to establish Lewis's status as an armed career criminal.

---

[1]Illinois's recidivism statute provides:

> When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of [a] different series of acts, such defendant shall be sentenced as a Class X offender.

730 ILL. COMP. STAT. 5/5-5-3(c)(8). The sentence for a Class X offender "shall be not less than 6 years and not more than 30 years." *Id.* 5/5-8-1(a)(3).

The sole issue on appeal is whether the district court correctly concluded that Lewis's 1997 conviction for delivery of a controlled substance is a serious drug offense under the ACCA. According to Lewis, the district court was allowed to consider only the statute of conviction and charging documents to determine whether he was exposed to ten or more years' imprisonment; those documents, he insists, indicate he was subject to a maximum of seven years. Rather than confine itself to these documents, Lewis continues, the district court evaluated whether he was subject to an enhanced penalty under Illinois's recidivism statute even though, he says, the government presented no evidence "of conclusive significance" that the Illinois court sentenced him as a repeat offender. Consequently, Lewis contends, the district court improperly concluded that his 1997 conviction carried a maximum of thirty years' imprisonment.

To qualify as a serious drug offense under the ACCA, a conviction under state law for a drug crime must expose the defendant to ten or more years' imprisonment. 18 U.S.C. § 924(e)(2)(A); *United States v. Henton*, 374 F.3d 467, 469 (7th Cir. 2004). In determining whether a state conviction meets this criterion, the district court may consult evidence from the state proceeding such as the statute of conviction, charging documents, a bench-trial judge's formal rulings of law and findings of fact, and other "conclusive records made or used" during the judicial process. *Shepard v. United States*, 544 U.S. 13, 20-21 (2005). The court's inquiry focuses not on the term of imprisonment the defendant actually received, *Henton*, 374 F.3d at 470, but on the maximum penalty to which the defendant was exposed, *id.*; *United States v. Perkins*, 449 F.3d 794, 796 (7th Cir. 2006).

Evidence from the state record supports the district court's finding that even though Lewis was sentenced to seven years' imprisonment for his 1997 drug conviction, he was subject to a maximum of thirty years. At sentencing on Lewis's federal conviction, the government produced a certified copy of the judgment for Lewis's 1997 state drug conviction, which explicitly describes the crime as a "Class 2 offense sentenced under 6-30 range." This notation is wholly consistent with the state court having found Lewis eligible for a maximum of thirty years' imprisonment under Illinois's recidivism statute. *See People v. Lathon*, 740 N.E.2d 377, 381 (Ill. App. Ct. 2000) (explaining that even though 730 ILL. COMP. STAT. 5/5-5-3(c)(8) "increases the defendant's sentence, it does not change the classification of the offense with which defendant has been charged and convicted"). The judgment is the type of evidence contemplated by *Shepard* as providing a conclusive record of the state-court proceeding. *See* 544 U.S. at 20-21. Thus, the district court correctly concluded that Lewis's 1997 drug conviction constituted a serious drug offense under the ACCA.

AFFIRMED.