**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 24, 2010*

Decided April 1, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| **No**. 09-3337 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| ALONZO PERKINS,     *Petitioner-Appellant*, | |
| **v.** | No. 06 C 6642 |
| UNITED STATES OF AMERICA,     *Respondent-Appellee*. | Joan B. Gottschall, *Judge*. |

**Order**

After we affirmed Alonzo Perkins's conviction and sentence, see 449 F.3d 794 (7th Cir. 2006), he filed a petition for relief under 28 U.S.C. §2255. The district court denied this petition, and Perkins appeals.

His principal appellate argument is that he is entitled to raise an ineffective-assistance-of-counsel claim on collateral attack even though he did not do so on direct appeal. This is a puzzling argument, because the district judge well understood that the

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

claim was proper, see *Massaro v. United States*, 538 U.S. 500 (2003), and resolved on the merits.

Perkins submits that counsel was ineffective for failure to file a motion to suppress evidence. The district court concluded that, even if such a motion had been filed and granted, Perkins was certain to be convicted, because the prosecution's other evidence against him was strong. As a result, he could not have suffered prejudice from counsel's omission (and it was correspondingly unnecessary to determine whether counsel's performance was substandard). We agree with this analysis, which need not be repeated here.

Petitioner's only other argument is that he should not have been sentenced under the Armed Career Criminal Act. That contention was fully considered, and rejected, on direct appeal. We do not see any reason to resolve it differently today.

AFFIRMED