NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4101
_____

UNITED STATES OF AMERICA

v.

DARRYL BUCK,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 08-cr-00369-001
(Honorable William H. Yohn Jr.)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2011

Before:  SCIRICA, AMBRO and VANASKIE, *Circuit Judges*.

(Filed: July 18, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Darryl Buck pleaded guilty to one count of possession of a firearm by a convicted felon. He was sentenced to fifteen years' imprisonment and five years' supervised release. On appeal, Buck contends the District Court improperly applied the Armed Career Criminal Act (ACCA) in determining his sentence. We will affirm.

I.

On March 25, 2009, Darryl Buck pleaded guilty to one count of possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] In a Presentence

Report (PSR), the United States Probation Office recommended a minimum sentence of

fifteen years, as mandated by the ACCA, 18 U.S.C. § 924(e). That statute reads, in

relevant part:

> (1) In the case of a person who violates section 922(g) of this title and has three
> previous convictions ["predicate offenses"] by any court referred to in section
> 922(g)(1) of this title for a violent felony or a serious drug offense, or both,
> committed on occasions different from one another, such person shall be fined
> under this title and imprisoned not less than fifteen years . . . .
> (2) As used in this subsection—
>       (A) the term "serious drug offense" means—
>               . . .
>               (ii) an offense under State law, involving manufacturing,
>               distributing, or possessing with intent to manufacture or distribute, a
>               controlled substance . . . for which a maximum term of
>               imprisonment of ten years or more is prescribed by law.

In a bench trial conducted in the Court of Common Pleas of Delaware County,

Pennsylvania in 2001, Buck was convicted of manufacturing, delivering, or possessing

with intent to deliver a controlled substance identified as "cocaine-diazepam," in

---

[1] 18 U.S.C. § 922(g) provides:

> It shall be unlawful for any person—(1) who has been convicted in any court of a
> crime punishable by imprisonment for a term exceeding one year; . . . to ship or
> transport in interstate or foreign commerce, or possess in or affecting commerce,
> any firearm or ammunition; or to receive any firearm or ammunition which has
> been shipped or transported in interstate or foreign commerce.

violation of 35 Pa. Stat. Ann. § 780-113(a)(30). [2] At sentencing for that conviction, the prosecutor contended, "As a result [of Buck's previous felony drug conviction], this is enhanced—an enhanced mandatory minimum. [The] Commonwealth was [in]voking the three-year mandatory minimum . . . ." The court responded, "That would be a prior felony drug trafficking offense. Gram weighed more than two, less than ten, cocaine? . . . And my understanding is that would require me . . . to impose a mandatory minimum sentence of three years in jail . . . ?" Neither party objected to the court's statement. The state court subsequently sentenced Buck to three-to-six years' imprisonment, stating again, "This is a mandatory minimum sentence."

At sentencing for the 2009 conviction here, the District Court found Buck "was found guilty [in 2001] of . . . possession [with] intent to deliver cocaine, rather than . . . diazepam." The District Court reasoned that, under Pennsylvania law, a cocaine conviction would require imposing a mandatory minimum sentence upon Buck, whereas a diazepam conviction would not. [3] Because Pennsylvania law would impose a maximum

---

[2] This is the only predicate offense at issue. Buck was convicted of cocaine offenses in the Courts of Common Pleas of Philadelphia and Delaware Counties in 1994 and 1998, respectively. PSR ¶¶ 39-40, 44-45. Buck does not contest the conclusion that these convictions constitute predicate offenses under the ACCA.

[3] 18 Pa. Cons. Stat. Ann. § 7508(a)(2) provides any person convicted of violating 35 Pa. Stat. Ann. § 780-113(a)(30) by manufacturing, delivering, or possessing with an intent to deliver cocaine "shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment . . . ." Section 7508(a)(2)(i) mandates a minimum two-year sentence "when the aggregate weight of the compound or mixture . . . involved is at least 2.0 grams and less than ten grams," but mandates a minimum three-year sentence "if at the time of sentencing the defendant has been convicted of another drug trafficking offense." Pennsylvania law provides no mandatory minimum for violations of 35 Pa. Stat. Ann. §

sentence of twenty years upon Buck for a cocaine conviction,[4] that conviction constituted

a third predicate offense under the ACCA. Therefore, the District Court found itself

bound to sentence Buck to a minimum fifteen years' imprisonment. Buck timely

appealed.[5]

## II.

On appeal, Buck contends the District Court erred in concluding he was convicted

in 2001 of an offense punishable by ten or more years' imprisonment that would

constitute a predicate offense under the ACCA. Therefore, he argues he did not have

three predicate offenses that would mandate imposing the ACCA's mandatory minimum

---

780-113(a)(30) involving Schedule IV drugs. 28 Pa. Code § 25.72(e) lists diazepam among Schedule IV substances.

[4] 35 Pa. Stat. Ann. § 780-113(f)(1.1) imposes a maximum penalty of ten years' imprisonment upon any person who violates 35 Pa. Stat. Ann. § 780-113(a)(30) by manufacturing, delivering, or possessing with an intent to deliver cocaine. 35 Pa. Stat. Ann. § 780-115(a) authorizes courts to double the maximum prison term for second or subsequent violations of 35 Pa. Stat. Ann. § 780-113(a)(30). Therefore, the District Court found Buck faced a maximum twenty-year sentence for the 2001 conviction, qualifying this conviction as a "serious drug offense" under the ACCA. In contrast, 35 Pa. Stat. Ann. § 780-113(f)(3) imposes a maximum penalty of three years' imprisonment upon any person who violates 35 Pa. Stat. Ann. § 780-113(a)(30) by manufacturing, delivering, or possessing with an intent to deliver a Schedule IV controlled substance such as diazepam. If the District Court found Buck was convicted of possession with intent to deliver diazepam, 35 Pa. Stat. Ann. § 780-115(a) would authorize doubling Buck's maximum sentence only to six years. Such a conviction would not qualify as a "serious drug offense" under the ACCA.

[5] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

sentence of fifteen years' imprisonment.[6] Specifically, Buck contends the court engaged in impermissible fact finding to reach its conclusion regarding his 2001 conviction.

In *Taylor v. United States*, 495 U.S. 575, 601 (1990), the Supreme Court expressed concern that a sentencing court reviewing the facts underlying a conviction might "conclude, from its own review of the record, that the defendant actually committed a [predicate offense under the ACCA]," despite a judge or jury never having reached that conclusion. The Court noted such a determination would not only "seem unfair," but might violate the defendant's Sixth Amendment right to a jury trial. *Id.* at 601-02. Therefore, the Court held that, in determining whether a previous conviction amounts to a predicate offense, the ACCA "requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense. This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of" a predicate offense. *Id.* at 602.

The Court gave an example where sentencing courts would be permitted to "go beyond the mere fact of conviction." Under the ACCA, only "generic burglary," or burglary of a building, constitutes a predicate offense. *Id.* at 599. However, some states "define burglary more broadly . . . by including places, such as automobiles and vending machines, other than buildings." *Id.* If an individual were convicted of burglary in one of

---

[6] "Whether a crime counts toward designating a defendant as an armed career criminal under the ACCA is a question of law, which we review de novo." *United States v. Henton*, 374 F.3d 467, 469 (7th Cir. 2004).

those states, and "the indictment or information and jury instructions [were to] show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." *Id.* at 602. Subsequently, in *Shepard v. United States*, 544 U.S. 13, 20-21 (2005), the Court further explained:

> In cases tried without a jury, the closest analogs to jury instructions would be a bench-trial judge's formal rulings of law and findings of fact, and in pleaded cases they would be the statement of factual basis for the charge, . . . shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea.

We have interpreted *Taylor* and *Shepard* as requiring courts applying the ACCA to "avoid evidentiary enquiries into the factual basis for [an] earlier conviction, instead focusing on whether [the conviction] had necessarily rested on the elements of an ACCA predicate offense." *Evanson v. Att'y Gen.*, 550 F.3d 284, 291 (3d Cir. 2008) (internal quotation marks omitted). In examining a previous conviction, we concluded "we may look to a wider array of records that possess a high indicia of reliability, including records not [listed by the *Taylor* and *Shepard* decisions]." *Id.* at 292 (internal quotation marks omitted).

In this case, the District Court examined only the Common Pleas Court's oral findings to determine whether Buck's 2001 conviction amounted to a predicate offense under the ACCA. At the sentencing hearing, the Common Pleas Court found Buck faced a mandatory minimum sentence, and Buck did not object. The District Court correctly reasoned this colloquy showed the Common Pleas Court necessarily convicted Buck of a

6

cocaine offense qualifying as an ACCA predicate offense, rather than a diazepam offense. The District Court did not impermissibly weigh evidence or reach novel conclusions of fact concerning Buck's 2001 conviction, and therefore did not erroneously apply the mandatory minimum sentence of the ACCA.[7]

III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

[7] Buck also contends his 2001 Common Pleas Court conviction was "fatally defective" because he was charged with one count of manufacturing, delivering, or possessing with an intent to deliver two different drugs. Buck argues, under Pennsylvania law, offenses involving two drugs must be charged as two crimes under two counts. Pa. R. Crim. P. 563(b). Buck's "challenge is reviewed for plain error because he failed to raise this objection below." *United States v. Couch*, 291 F.3d 251, 252 (3d Cir. 2002). In *Custis v. United States*, 511 U.S. 485, 497 (1994), the Supreme Court held the ACCA "does not permit [defendants] to use the federal sentencing forum to gain review of . . . state convictions," although they "may attack . . . state sentences in [state court] or through federal habeas review." Therefore, Buck's challenge of his 2001 conviction must fail.