In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2200

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID LOCKETT,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 983 — **Gary S. Feinerman**, *Judge.*

ARGUED DECEMBER 1, 2014 — DECIDED MARCH 31, 2015

Before BAUER, KANNE, and HAMILTON, *Circuit Judges.*

BAUER, *Circuit Judge.* Defendant-appellant, David Lockett
("Lockett"), pleaded guilty to one count of being a felon in
possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
The district court sentenced Lockett under the Armed Career
Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to fifteen years'
imprisonment—the mandatory minimum under the Act. On
appeal, Lockett challenges the application of the ACCA,
arguing that the district court erred in finding that certain drug

convictions qualified as predicates under the ACCA. In addition, he argues that even if his drug convictions implicate the ACCA, none can serve as predicates because of the restoration of civil rights letter he received. For the reasons that follow, we reverse the district court's decision and remand for resentencing.

## I. BACKGROUND

Lockett has an extensive criminal history. In 1979, Lockett was arrested for armed robbery. In 1981, he pleaded guilty to the lesser included offense of robbery and was sentenced to thirty months' probation. In 1982, he violated his probation when he pleaded guilty to unlawful use of a weapon. In 1984, he pleaded guilty to possession of heroin. In 1990, he was arrested for and pleaded guilty to armed violence and to several counts of distribution and possession with intent to distribute heroin. The 1990 drug convictions were Class 2 and 3 felonies, carrying seven and five years' imprisonment, respectively. Because of his criminal history, however, Lockett would have been subject to a maximum prison term of "twice the maximum term otherwise authorized" for each of the 1990 drug convictions, which would bring his maximum sentences to fourteen and ten years' imprisonment. *See* 720 Ill. Comp. Stat. 570/408(a). Nevertheless, he was ultimately sentenced to four years' imprisonment for the 1990 drug convictions, and was paroled in February 1992.

While on parole, he was arrested and charged with three additional drug offenses; once in 1992 and twice in 1993. He pleaded guilty to all three charges in 1993 and received three years' imprisonment to run concurrently. While serving

that sentence, he completed the sentence related to his 1990 drug convictions. He completed his 1993 sentence in September 1995.

In 1997, he was arrested for delivery of cocaine. He pleaded guilty to that charge in 1998 and received seven years' imprisonment. After his release from the 1998 sentence, Lockett was arrested in 2003, this time for attempt to possess a controlled substance. He pleaded guilty and received six months' conditional discharge and five days of community service.

In November 2004, Lockett was arrested for and charged with burglary, to which he pleaded guilty in 2005, resulting in four years' imprisonment. His prison sentence and parole for that crime were completed in 2009.

Finally, in 2010, Lockett was charged and convicted of the offense underlying this appeal, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the parties disputed whether Lockett qualified as an armed career criminal under 18 U.S.C. § 924(e) and thus subject to the attendant mandatory fifteen-year minimum. The parties agreed that two of his prior convictions qualified as predicates, but disagreed over whether a third qualifying conviction could be found based on his 1990 drug convictions. The government argued that because Lockett was subject to an Illinois recidivist enhancement, which increases the maximum penalty for Illinois recidivists' convictions in the manner discussed above, the convictions were qualifying predicates under the ACCA. Agreeing with the government, the district court found any of the 1990 drug convictions could qualify as a predicate conviction based on our decision in *United States v. Perkins*, 449 F.3d

794 (7th Cir. 2006). The question then became whether a restoration of civil rights letter Lockett received in September 1995 precluded the use of his 1990 drug convictions as qualifying predicates. Relying on *United States v. Burnett*, 641 F.3d 894 (7th Cir. 2011), the district court held that the letter did not apply to Lockett's 1990 convictions, and that they could therefore serve as predicates. Thus, the district court found Lockett to be an armed career criminal and sentenced him to the mandatory fifteen-year minimum.

Lockett presents two issues on appeal. First, he contends that the district court erred in finding that his 1990 drug convictions qualified as predicates under the ACCA because the government never provided evidence from the record that he actually faced the Illinois recidivist enhancement that would bring his sentence for those convictions within the purview of the ACCA. Second, he argues even if the 1990 convictions qualify as predicates, they cannot be used as such because his rights as to those convictions have been restored by virtue of a 1995 restoration of civil rights letter. We need not reach Lockett's second argument, however, because as stated in greater detail below, Lockett lacks a third qualifying conviction to implicate the ACCA, rendering the district court's belief that imposition of the ACCA's fifteen-year minimum was required an error. We therefore reverse and remand for resentencing.

## II. DISCUSSION

To qualify as an armed career criminal subject to the ACCA's mandatory fifteen-year minimum, a defendant must have three previous convictions for a violent felony or a serious drug offense, committed on three different occasions.

*Perkins*, 449 F.3d at 795; 18 U.S.C. § 924(e)(1). "Under [the] ACCA, a 'serious drug offense' includes 'an offense under State law, involving manufacturing, distributing, or possessing with intent to distribute, a controlled substance … for which a maximum term of imprisonment of ten years or more is prescribed by law.'" *United States v. Rodriquez*, 553 U.S. 377, 381–82 (2008) (emphasis omitted) (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). Whether a prior conviction is a qualifying predicate under the ACCA is a question of law, subject to *de novo* review. *Kirkland v. United States*, 687 F.3d 878, 882 (7th Cir. 2012). Any factual findings related to the defendant's convictions, however, are reviewed for clear error. *Id*. at 883.

The parties do not dispute that Lockett was convicted of two ACCA-qualifying convictions, but disagree as to whether he has a third. The district court found that because any of Lockett's 1990 drug convictions could qualify as a predicate under the ACCA, he was subject to the ACCA's mandatory minimum. Lockett contends on appeal that this was error and we agree.

In *Perkins*, we held "as a matter of federal law the 'maximum term of imprisonment' to which § 924(e)(2)(A)(ii) refers is the maximum for the crime of conviction." 449 F.3d at 796 (emphasis omitted). It made no difference that the defendant was actually sentenced to less than the maximum; if by virtue of his recidivism he "exposed himself" to a maximum of ten years or more in prison, that conviction met the ACCA statutory standard. *Id*. Following *Perkins*' reasoning, Lockett's 1990 convictions could qualify as predicates even though he was ultimately sentenced to only four years' imprisonment

because, by virtue of the Illinois recidivist enhancement, Lockett exposed himself to fourteen or ten years in prison.

But the Supreme Court's decision in *Rodriquez* adds an evidentiary hurdle to our holding in *Perkins*. *Rodriquez* requires the government to provide evidence from the record that the defendant was in fact subject to the enhanced recidivist penalties that could elevate his sentence past the ten-year mark. 553 U.S. at 388–89. In imposing this additional requirement, the Supreme Court eliminated the possibility of a hypothetical approach in which a court could assume that a recidivist enhancement applied merely because it *could* apply. Therefore, under *Rodriquez*, if state court records do not demonstrate that Lockett actually faced the possibility of a recidivist enhancement, the 1990 convictions cannot be used as qualifying offenses under the ACCA.

The Supreme Court indicated a number of examples of record evidence that could show that a defendant faced the possibility of a recidivist enhancement, including the judgment of conviction, the plea colloquy, or from the imposed sentence itself. *Id*. None of these examples are in the record before us. Each document referencing Lockett's 1990 drug convictions only mentions his sentence of four years' imprisonment; there is no indication in the record that he was ever exposed to the Illinois recidivist enhancement that would have brought his maximum up to the ACCA-triggering minimum.

Without findings of recidivism in Lockett's record of conviction, the attendant enhancements cannot be considered in determining whether Lockett's 1990 drug convictions constituted serious drug offenses under the ACCA. According

to the record, then, Lockett's 1990 convictions can only be evaluated in light of the actual four-year sentence imposed. Because Lockett's 1990 convictions did not expose him to at least a ten-year sentence, none qualify as serious drug offenses within the meaning of the ACCA. *See* 18 U.S.C. § 924(e)(2)(A). Therefore, Lockett lacks a third qualifying predicate and the district court erred in believing that Lockett faced a mandatory fifteen-year minimum.

As a closing remark, if there were any doubts as to the Supreme Court's intent to impose the evidentiary requirement we recognize today, we need only look to its recent opinion in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). In *Carachuri-Rosendo*, the Court explained that "[in *Rodriquez*] [w]e held that a recidivist finding could set the 'maximum term of imprisonment,' but only when the finding is a part of the record of conviction." *Id*. at 577 n.12. Thus, the evidentiary requirement is assuredly a part of the *Rodriquez* holding, and not mere dicta as the government seems to suggest. *See also United States v. Powell*, 691 F.3d 554, 559 (4th Cir. 2012) (highlighting that the Supreme Court confirmed its *Rodriquez* holding that a recidivist finding could set the maximum term of imprisonment only when the finding is a part of the record of conviction in *Carachuri-Rosendo*).

## III. CONCLUSION

For these reasons, Lockett's sentence is REVERSED and REMANDED to the district court for resentencing.