CLD-307                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1863
_____

DARRYL BUCK,
                                                Appellant

v.

WARDEN ALLENWOOD LSCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-16-cv-01813)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2017

Before:  SHWARTZ, RENDELL and FISHER, Circuit Judges

(Opinion Filed: July 27, 2017)
_____

OPINION*
_____

PER CURIAM

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Daryl Buck, an inmate presently confined at the Allenwood Low Security Correctional Institution, in White Deer, Pennsylvania, appeals the dismissal of his pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241. We will affirm.

In 2009, in the United States District Court for the Eastern District of Pennsylvania, Buck pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court determined that Buck was a career criminal pursuant to § 924(e) and sentenced him to 180 months of imprisonment plus five years of supervised release. Buck appealed, contending that the District Court engaged in impermissible fact-finding in applying § 924(e). We affirmed the District Court's judgment. See United States v. Buck, 437 F. App'x 202, 206 (3d Cir. 2011). The Supreme Court denied Buck's subsequent petition for a writ of certiorari. Buck v. United States, 132 S. Ct. 599 (2011).

Although his plea agreement included a waiver of collateral review, Buck filed a pro se motion pursuant to 28 U.S.C. § 2255. The District Court rejected his motion, and this Court denied his subsequent application for a certificate of appealability. See United States v. Buck, C.A. No. 12-2441 (order entered Aug. 17, 2012). Thereafter, Buck filed a § 2244 application seeking authorization to file a second § 2255 motion. Buck argued that he was "actually innocent" of the sentencing enhancement in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), Descamps v. United States, 133 S. Ct. 2276 (2013), and McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). We denied his application. In re: Darryl Buck, C.A. No. 14-3011 (order entered July 22, 2014).

2

Buck then filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, the District in which he is presently incarcerated. Buck argued that in light of Descamps, he was innocent of his career criminal designation. Buck claimed that: (1) Pennsylvania's possession-with-intent statute, 35 Pa. Stat. § 780-113(a)(30) is broader than Section 924(e)'s definition of "serious drug offense," (2) one of his state court convictions was unlawful, (3) the District Court erred in "guessing" that his state court conviction involved cocaine, and (4) his state court convictions from 1998 and 1993 did not carry a maximum sentence of ten years or more of imprisonment. The District Court reviewed Buck's petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and dismissed the petition for lack of jurisdiction. Buck filed a timely motion for reconsideration relying for the first time on Mathis v. United States, 136 S. Ct. 2243 (2016), which had been decided before Buck filed his petition. The District Court denied reconsideration. While his motion for reconsideration was pending, Buck filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's order denying Buck's petition for lack of jurisdiction. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). We may summarily affirm

_____

[1] Buck's notice of appeal was premature, but it became effective once the District Court denied reconsideration. See Fed. R. App. P. 4(a)(4)(B)(i). Because Buck did not file a new or amended notice of appeal from the denial of reconsideration, as is required by Fed. R. App. P. 4(a)(4)(B)(ii), we will not address that ruling or Buck's arguments regarding Mathis. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

3

the District Court's order where there is no substantial question presented by the appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a federal prisoner can seek relief under § 2241 in the district of confinement if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). We have applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, id., or because the sentencing court does not grant relief, Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

We agree with the District Court that Buck's claims do not fit within the narrow class of circumstances in which a § 2255 motion would be inadequate or ineffective to challenge his conviction. The majority of Buck's claims were raised and rejected on direct appeal. Additionally, Buck had the opportunity to raise his claims regarding his 1998 and 1993 convictions on direct appeal, but Buck failed to do so. See Buck, 437 F. App'x at 203 n.2.

4

Buck's arguments under Descamps are also unpersuasive.  In Descamps, the Supreme Court held that when deciding whether a previous conviction counts as a "violent felony or a serious drug offense" under the Armed Career Criminal Act, a sentencing court may look only to the elements of a defendant's prior conviction, not "to the particular facts underlying those convictions."  133 S. Ct. at 2283.  The Supreme Court reaffirmed that application of the modified categorical approach[2] is permissible when a statute is divisible.  See id. at 2281-82.

In sentencing Buck, the District Court applied a modified categorical approach and reviewed Sheppard materials.  This was in line with our pre-Descamps case law, in which we held that the modified categorical approach applied to Pennsylvania's possession-with-intent statute, 35 Pa. Stat. § 780-113(a)(30).  United States v. Tucker, 703 F.3d 205, 210 (3d Cir. 2012).  Our holding was not disturbed by Descamps, and we have reiterated that § 780-113(a)(30) is divisible.  United States v. Abbott, 748 F.3d 154, 159 (3d Cir. 2014).  As a result, the District Court could look to Buck's state court documents, which revealed that the drug in question in all of his cases was cocaine, and Buck was subject to a maximum of ten years in prison.  See 35 Pa. Stat. § 780-113(f)(1.1).  Accordingly, Buck was, and still is, properly characterized as a career criminal.  Therefore, there has

---

[2] Under this modified approach, "the court may look beyond the face of the statute to the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented to determine which of the alternative elements was involved in the defendant's conviction."  United States v. Abbott, 748 F.3d 154, 158 (3d Cir. 2014) (internal quotation marks omitted).  These materials are often referred to as "Shepard materials."  See United States v. Doe, 810

been no intervening change in substantive law that negates Buck's career criminal designation, and § 2241 relief is not available. See In re Dorsainvil, 119 F.3d at 251.[3]

For the foregoing reasons, we conclude that the appeal presents no substantial question. Therefore, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 and I.O.P. 10.6. Buck's motion to stay all deadlines is denied.

---

F.3d 132, 141 (3d Cir. 2015) (citing Shepard v. United States, 544 U.S. 13, 16 (2005)).
[3] We have not decided whether a petitioner can challenge a career-offender designation under § 2241. See Doe, 810 F.3d at 160-61. For the reasons explained above, we need not do so in this case.